<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| RASHAWN ALI MCDANIEL EL, | |
| Plaintiff, | |
| v. | No. 26cv719 (EP) (JRA) |
| | **MEMORANDUM ORDER** |
| OFFICER CONKLIN *et al.*, | |
| Defendants. | |

**PADIN, District Judge.**

*Pro se* Plaintiff Rashawn Ali McDaniel El brings this action pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1985(3), and the "Treaty of Peace and Friendship" against Defendants "Officer Conklin," "Officer Micucci," "Sergeant Morin," (the "Defendant Individuals") and the Hudson County Sheriff's Office.[1]   D.E. 1-1 ("Complaint" or "Compl."). Plaintiff seeks to sue the Defendant Individuals in both their official and individual capacities. *Id.* Plaintiff also seeks to proceed *in forma pauperis* ("IFP"). D.E. 1-3 ("IFP Application"). Because Plaintiff demonstrates financial need, the Court will **GRANT** Plaintiff's IFP Application. The Court must screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). For the reasons explained below, the Court will (1) permit Plaintiff's § 1983 claim for First Amendment retaliation to **PROCEED** against only Officers Conklin and Micucci in their individual capacities; (2) **DISMISS** Plaintiff's § 1983 claim

---

[1] Plaintiff does not provide the first names of these officers, but he does provide the badge numbers for Officers Conklin and Micucci. Compl. ¶¶ 7–9. Officer Conklin's badge number is 1184. Officer Micucci's badge number is 1174.

for a Ninth Amendment violation and Plaintiff's claims under the "Treaty of Peace and Friendship" *with prejudice*; and (3) **DISMISS** Plaintiff's remaining claims *without prejudice*.[2]

## I.        BACKGROUND[3]

Plaintiff alleges that on January 13, 2026, he entered Hudson County Superior Court "to spectate and observe court proceedings" in Judge Angelo Servidio's courtroom.  Compl. ¶ 10. Upon entry into the courtroom, Officer Conklin then asked Plaintiff if he had court that day.  *Id.* Plaintiff answered in the negative.  *Id.*  Officer Conklin requested that Plaintiff identify himself but Plaintiff refused to.  *Id.*  Officer Micucci, who joined Officer Conklin, then threatened to handcuff Plaintiff if he refused to identify himself.  *Id.*  Plaintiff asked Officer Conklin and Officer Micucci what legal basis they had for requesting identification and they told him for "trespassing." *Id.*  Plaintiff alleges that he was in an unrestricted area of the courtroom and was not subject to any order from Judge Angelo Servidio to leave.  *Id.*

Sergeant Morin then joined Officers Conklin and Micucci.  *Id.* ¶ 10.  Plaintiff alleges Sergeant Morin compelled him to stand up from where he had been sitting (the location of which is unclear from Plaintiff's Complaint) and continue their discussion in the hallway, outside of the courtroom.  *Id.* ¶ 11.  Once outside of the courtroom, Sergeant Morin told Plaintiff that he would inquire with Judge Servidio whether Plaintiff had been disruptive in the courtroom or not.  *Id.* Following the discussion in the hallway, Sergeant Morin then permitted Plaintiff to remain in the courtroom "unrestrained and unburdened."  *Id.*

---

[2] Because Plaintiff does not plead a *Monell* claim, he does not plead a claim against any of the Defendant Individuals in their official capacities.  *See supra* n.5.

[3] The facts in this Section are taken from the factual allegations in Plaintiff's Complaint, which the Court presumes to be true for purposes of this Memorandum Order.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## II.    LEGAL STANDARD

Under 28 U.S.C. § 1915, this Court may excuse a litigant from prepayment of fees when the litigant "establish[es] that he is unable to pay the costs of his suit." *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989). However, courts must review an IFP plaintiff's complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune.[4] 28 U.S.C. § 1915(e)(2)(B); *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Rule 12(b)(6) standard to dismissal for failure to state claim under § 1915(e)(2)(B)).

A court may also dismiss a complaint pursuant to 28 U.S.C. § 1915(e)(2) for failure to comply with Federal Rule of Civil Procedure 8. *Purisima v. City of Philadelphia*, 738 F. App'x 106 (3d Cir. 2018). Rule 8 sets forth general rules of pleading and requires that a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and that each allegation in the complaint be "concise and direct," Fed. R. Civ. P. 8(e)(1). Though the allegations must be concise and direct, they must not be "so undeveloped that [they do] not provide a defendant the type of notice of claim which is contemplated by Rule 8." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008). Dismissal of a complaint is therefore appropriate under Rule 8 "where the 'complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'" *Ruther v. State Kentucky Offs.*, 556 F. App'x 91, 92 (3d Cir. 2014) (quoting *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir.

---

[4] The Court's preliminary review pursuant to 28 U.S.C. § 1915 does not determine whether the allegations in the Complaint would survive a properly supported motion to dismiss filed by Defendants after service. *See Richardson v. Cascade Skating Rink*, No. 19-8935, 2020 WL 7383188 at *2 (D.N.J. Dec. 16, 2020) ("[T]his Court recognizes '[a] § 1915(e) screening determination is a preliminary and interlocutory holding, subject to revision at any time prior to entry of final judgment.'" (quoting *Magruder v. Grafton Corr. Inst.*, No. 19-1980, 2020 WL 2814532, at *3 (N.D. Ohio Apr. 1, 2020))).

1995)).  Although courts construe *pro se* pleadings less stringently than formal pleadings drafted by attorneys, even *pro se* litigants must "comply with the basic pleading requirements of Rule 8(a)."  *Purisma*, 738 F. App'x at 107.

III.   **ANALYSIS**

A.    **Plaintiff's IFP Application**

Plaintiff's IFP Application declares that he has no monthly income.  IFP Application at 1–2.  He further declares that his spouse has $33.93 in a checking account and $108.24 in a saving account.  *Id.* at 2.  Plaintiff owns no home or vehicle, has two young children, pays about $1,600 in rent per month, and about $230 for utilities per month.  *Id.* at 2–4.  Because Plaintiff sufficiently establishes his inability to pay, the Court will **GRANT** his IFP Application and screen his Complaint.

B.    **Plaintiff's Complaint**

Plaintiff brings federal claims based upon the court officers' request for his identification and their threat to arrest him for his entry into an unrestricted area of a courtroom.  *See* Compl. ¶¶ 10–13.  Because Plaintiff pleads a First Amendment retaliation claim against Officers Conklin and Micucci in their individual capacities for screening purposes under 28 U.S.C. § 1915(e), the Court will permit that claim to **PROCEED**.  However, Plaintiff's other claims do not pass screening under § 1915(e).  As detailed below, the Court will therefore **DISMISS** some of the remaining claims *with prejudice* and others *without prejudice*.

1.    *Plaintiff pleads a plausible § 1983 claim for First Amendment retaliation*

For purposes of screening, Plaintiff has sufficiently alleged a First Amendment retaliation claim under § 1983.  To plead a first amendment retaliation claim, a plaintiff must plead (1) that he engaged in constitutionally protected conduct; (2) adverse action that would "deter a person of

4

ordinary firmness from exercising his constitutional rights"; (3) that engagement in the constitutionally protected conduct motivated the adverse action. *See Falco v. Zimmer*, 767 F. App'x 288, 298–99 (3d Cir. 2019) (citing *Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2003)).

In the Third Circuit, there is a First Amendment right of access to civil proceedings. *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1070–71 (3d Cir. 1984). Plaintiff alleges that he entered Hudson County Superior Court to observe court proceedings before Judge Angelo Servidio. Compl. at 2. Plaintiff therefore pleads having engaged in constitutionally protected conduct.

Plaintiff also alleges that Officers Conklin and Micucci approached him, harassed him, and threatened to arrest him. *Id.* at 2. Being threatened with arrest may constitute the type of adverse conduct that would "deter a person of ordinary firmness from exercising his constitutional rights." *Wronko v. Martin*, No. 16-2288, 2019 WL 762486, at *7 (D.N.J. Feb. 21, 2019) (quoting *Horn*, 318 F.3d at 530); *see McCormick v. City of Lawrence*, 253 F. Supp. 2d 1172, 1196 (D. Kan. 2003) ("[T]he Court believes the threat of arrest by a police officer is exactly the sort of act that would deter a person of ordinary firmness from exercising his or her First Amendment right . . . ."). Plaintiff therefore pleads that Defendants took adverse action against him.

Plaintiff additionally alleges that Officers Conklin and Micucci threatened to arrest him for entering a non-restricted area in Judge Angelo Servidio's courtroom. Compl. at 2. If, as Plaintiff contends, he was threatened with arrest simply because he sought to observe a public court proceeding from an unrestricted area, he pleads that his engagement in constitutionally protected conduct motivated the threat of arrest for purposes of § 1915(e). The Court will therefore permit Plaintiff's § 1983 claim for First Amendment retaliation to **PROCEED** against Officers Conklin and Micucci in their individual capacities.

5

        2.       *Plaintiff does not plead a plausible § 1983 for Fourth Amendment seizure*

For purposes of screening, Plaintiff does not sufficiently plead a Fourth Amendment seizure claim under § 1983. To demonstrate a Fourth Amendment seizure claim, Plaintiff must show either: (1) "a laying on of hands or application of physical force to restrain movement, even when it is ultimately unsuccessful," or (2) "submission to 'a show of authority.'" *United States v. Brown*, 448 F.3d 239, 245 (3d Cir. 2006) (quoting *California v. Hodari D.*, 499 U.S. 621, 626 (1991)). Because Plaintiff does not allege that the court officers physically restrained him, the Court considers whether Plaintiff was compelled to submit to a show of authority.

When analyzing whether there has been a show of authority, courts ask "whether a reasonable person would have believed he was not free to leave based on the officer's words and actions." *Id.* at 452 (citing *Hodari*, 499 U.S. at 628). And while an officer "may make a seizure by a show of authority and without the use of physical force, . . . there is no seizure without actual submission; otherwise, there is at most an attempted seizure, so far as the Fourth Amendment is concerned." *Brendlin v. California*, 551 U.S. 249, 254 (2007).

In his Complaint, Plaintiff alleges only that the officers asked him for identification, that the officers threatened to arrest him, and that Sergeant Morin compelled him to briefly step outside while he confirmed with Judge Angelo Servidio that Plaintiff had not been disruptive. Compl. ¶¶ 10–13. These are not Fourth Amendment violations. Requesting identification does not implicate the Fourth Amendment. *Hiibel v. Sixth Jud. Dist. Ct. of Nev.*, 542 U.S. 177, 185 (2004). Nor does a threat of arrest without actual arrest. *Brendlin*, 551 U.S. at 254. And to the extent that Plaintiff bases his Fourth Amendment claim upon having to briefly exit the courtroom while Sergeant Morin confirmed with the presiding judge whether Plaintiff had caused any disruption in the courtroom, such allegations, without more, do not give rise to a Fourth Amendment claim.

Plaintiff does not allege that any actual force was used.  He does not allege facts indicating that a reasonable person would not have thought they were free to walk away from either the courtroom or the courthouse.  *See Palmiere v. Town of Babylon*, No. 06-968, 2008 WL 3155153, at *15 (E.D.N.Y. Aug. 4, 2008) (rejecting Fourth Amendment claim in part because plaintiff conceded that certain officers were not looking to restrain him but, were instead seeking to remove him from a courtroom and it was plaintiff who insisted on not leaving).  Finally, Plaintiff explains that after Sergeant Morin checked in with Judge Servidio, Plaintiff returned to the courtroom "unrestrained and unburdened."  Compl. ¶ 13; *see Watson v. Perez*, 168 F. Supp. 3d 365, 371 (D. Mass. 2016) (rejecting Fourth Amendment seizure claim in part because force was minimal and did not result in any injury).

Plaintiff therefore fails to plead a Fourth Amendment seizure claim under § 1983.  The Court will therefore **DISMISS** Plaintiff's § 1983 claim for a Fourth Amendment seizure *without prejudice*.

   3. *Plaintiff does not plead a plausible § 1983 claim for a Ninth Amendment violation*

Next, Plaintiff also attempts to bring a Ninth Amendment claim under § 1983 but the Ninth Amendment "does not independently provide a source of individual constitutional rights. *Clayworth v. Luzerne Cnty., Pa.*, 513 F. App'x 134, 137 (3d Cir. 2013).  Because Plaintiff pleads no violation of any substantive right, amendment would be futile. *See Trevor v. Mumin*, No. 23-4847, 2026 WL 711803, at *9 (E.D. Pa. Mar. 13, 2026).  The Court will therefore **DISMISS** Plaintiff's § 1983 claim for a Ninth Amendment violation *with prejudice*.

       4.       *Plaintiff does not plead a plausible § 1983 claim under the Fourteenth Amendment for deprivation of substantive due process*

Plaintiff also brings a Fourteenth Amendment substantive due process claim under § 1983. The Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property, without due process of law . . . ." U.S. Const. amend XIV.  To plead a substantive due process claim, "a plaintiff must prove the particular interest at issue is protected by the substantive due process clause and the government's deprivation of that protected interest shocks the conscious." *Chambers ex rel. Chambers v. Sch. Dist. of Phila. Bd. of Educ.*, 587 F.3d 176, 190 (3d Cir. 2009) (quoting *Chainey v. Street*, 523 F.3d 200, 219 (3d Cir. 2008)).

Plaintiff claims that the Defendant Individuals deprived him of liberty without due process of law when they threatened a "de facto arrest" "to compel compliance" with their request that Plaintiff leave the premises.  Compl. ¶¶ 38–44.  But Plaintiff also admits that he was never actually arrested and was ultimately permitted to remain unrestrained and unburdened in the courtroom. *Id.* ¶ 11.  Accordingly, Plaintiff fails to plead that an actual deprivation took place.  *See, e.g.*, *Housing is a Human Right Orange Cnty. v. Cnty. of Orange*, No. 19-388, 2019 WL 8012374, at *5 (C.D. Cal. Oct. 28, 2019) (rejecting Fourteenth Amendment substantive due process claim because "a threat to violate such rights does not deprive one of those rights").  The Court will therefore **DISMISS** Plaintiff's § 1983 claim for a Fourteenth Amendment deprivation of due process ***without prejudice***.

       5.       *Plaintiff does not plead a plausible Monell claim*

Plaintiff brings a *Monell* claim against the Hudson County Sheriff's Office for compelling identification of individuals without any legal justification, threatening arrest without reasonable suspicion, permitting officers to abuse their authority, failing to train officers, and for engaging in concerted efforts to intimidate and coerce Plaintiff into taking some unspecified action.  Compl.

¶ 49; *see Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978) (setting the standards for suing municipal entities under § 1983).   To plead a § 1983 action against a municipality, a plaintiff must allege that "'a local government's policy or custom . . . inflicted the injury' in question." *Estate of Roman v. City of Newark*, 914 F.3d 789, 798 (3d Cir. 2019) (quoting *Monell*, 436 U.S. at 694).   "Policy is made when a decision maker possess[ing] final authority to establish municipal policy with respect to the action issues an official proclamation, policy, or edict." *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990).   "Custom" is made when "a given course of conduct although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law." *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990).   At the pleading stage, a plaintiff need not identify who the responsible decisionmaker is. *Id.*   Nor does he need to prove that the alleged custom had formal approval. *Estate of Roman*, 914 F.3d at 798 (citing *Anela v. City of Wildwood*, 790 F.2d 1063, 1067 (3d Cir. 1986)).

Nevertheless, Plaintiff's allegations that the Hudson County Sheriff's Office engaged in an unconstitutional policy or otherwise failed to train its officers is inadequately pled.   For one, Plaintiff's allegations that the court officers have a policy of compelling identification without legal justification is without support.   Indeed, Plaintiff does not plead having been forced himself to provide identification.   Plaintiff's allegations that court officers threaten arrest without reasonable suspicion are also too conclusory and non-specific to survive screening. *McTernan v. City of York, PA*, 564 F.3d 636, 658 (3d Cir. 2009) (holding that plaintiffs "must identify [the] custom or policy, and specify what *exactly* the custom or policy was" (emphasis added)); *Szerensci v. Shimshock*, No. 20-1296, 2021 WL 4480172, at *7 (W.D. Pa. Sept. 30, 2021) ("Plaintiff's conclusory allegation, which generally paraphrases the relevant standard, is insufficient to state a

9

claim for § 1983 liability under *Monell*.").  A vague allegation that officers threaten arrests without probable cause or reasonable suspicion is too general to survive screening.

Plaintiff also raises a failure to train theory of liability under *Monell*, but in cases where a plaintiff claims that he was harmed because of a supposed failure to train, the plaintiff must allege "that a [municipality's] failure to train its police officers 'reflects a deliberate or conscious choice,'" and that the failure to train "'amounts to deliberate indifference to the rights of persons with whom the police officers come into contact.'" *Estate of Roman*, 914 F.3d at 798 (first quoting *Brown v. Muhlenberg Twp.*, 269 F.3d 205, 215 (3d Cir. 2001), then quoting *City of Canton v. Harris*, 489 U.S. 378, 388 (1989)).  To plead deliberate indifference, a plaintiff must show "(1) municipal policymakers know that employees will confront a particular situation; (2) the situation involves a difficult choice or a history of employees mishandling; and (3) the wrong choice by an employee will frequently cause deprivation of constitutional rights." *Doe v. Luzerne Cnty.*, 660 F.3d 169, 180 (3d Cir. 2011) (quoting *Carter v. City of Philadelphia*, 181 F.3d 339, 357 (3d Cir. 1999)).

"A pattern of similar constitutional violations by untrained employees is 'ordinarily necessary' to demonstrate deliberate indifference for purposes of failure to train." *Connick v. Thompson*, 563 U.S. 51, 62 (2011) (quoting *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 409 (1997)).  In the absence of a pattern of violations, however, a plaintiff may prove liability for a single incident only when "the need for training can be said to be so obvious, that failure to do so could properly be characterized as deliberate indifference to constitutional rights even without a pattern of constitutional violations." *Thomas v. Cumberland Cnty.*, 749 F.3d 217, 223 (3d Cir. 2014).

Here, Plaintiff does not identify a pattern of constitutional violations, which is "ordinarily necessary" to plead a § 1983 failure to train claim. *Connick*, 563 U.S. at 62; *see Zampetis v. City of Atlantic City*, No. 15-1231, 2016 WL 5417195, at *6 (D.N.J. Sept. 28, 2016) ("It might seem harsh at the pleading stage to require Plaintiff to assert facts indicating [a pattern of constitutional violations] but the Supreme Court's decision in *Iqbal* requires it."); *Langford v. Gloucester Twp. Police Dep't*, No. 16-1023, 2016 WL 7130912, at *6 (D.N.J. Dec. 7, 2016) (dismissing § 1983 claim for failure to train in part because the plaintiff did not allege facts showing a pattern of similar violations by untrained employees); *Jacobs v. Palmer*, No. 14-5797, 2015 WL 1033294, at *5-6 (E.D. Pa. Mar. 10, 2015) (same).

Nor does Plaintiff identify circumstances in which the need for training is "'so obvious,' that failure to do so could properly be characterized as deliberate indifference to constitutional rights even without a pattern of constitutional violations." *Thomas*, 749 F.3d at 223 (quoting *City of Canton*, 489 U.S. at 390). For example, the deployment of armed officers untrained in the use of deadly force falls into the "so obvious" category, *City of Canton*, 489 U.S. at 390. & n.10, as does the deployment of a warrant system "where the slip of a finger" can result in a typo and thereby "result in wrongful arrest and imprisonment," *Thomas*, 749 F.3d at 224. Plaintiff merely complains that Officers Conklin and Micucci asked him for identification and briefly threatened him with are`st (before leaving him unrestrained) for entry into a public area. Compl. ¶¶ 10–13. Such actions are unlike the "narrow range of circumstances" under which a § 1983 claim may proceed absent a pattern of prior violations. *Brown*, 520 U.S. at 409. Plaintiff therefore fails to plead a failure to train claim under *Monell*.

Finally, Plaintiff alleges that the court officers had a policy of targeting him specifically. But Plaintiff pleads no facts that raise the reasonable inference that such a policy existed. Plaintiff

has therefore failed to plead a *Monell* claim.  Accordingly, the Court will **DISMISS** Plaintiff's

*Monell* claim **without prejudice**.[5]

### 6.    *Plaintiff does not plead a plausible § 1985 claim for civil conspiracy*

Plaintiff also brings a claim under 42 U.S.C. § 1985(3) for civil conspiracy but fails to

adequately plead it.  The Supreme Court has limited the reach of § 1985(3) to "private conspiracies

predicated on 'racial, or perhaps otherwise class based, invidiously discriminatory animus.'"  *Lake*

*v. Arnold*, 112 F.3d 682, 685 (3d Cir. 1997) (quoting *Griffin v. Breckenridge*, 403 U.S. 88, 91

(1971)). To plead a plausible claim under § 1985(3), Plaintiff must plead:

> (1) a conspiracy; (2) motivated by a racial or class based discriminatory animus
> designed to deprive, directly or indirectly, any person or class of persons of the
> equal protection of the laws; (3) an act in furtherance of the conspiracy; and (4) an
> injury to person or property or the deprivation of any right or privilege of a citizen
> of the United States.

*Kornafel v. Green*, No. 20-4687, 2020 WL 6118786, at *2 (E.D. Pa. Oct. 15, 2020) (citing *Lake*,

112 F.3d at 685).

"'With near unanimity,'" courts reject claims of civil conspiracy under § 1985(3) when a

plaintiff fails to allege "specific facts" of "'purposeful and intentional discrimination.'"  *See id.* at

*3 (quoting *Robinson v. McCorkle*, 462 F.2d 111, 113 (3d Cir. 1972)).  Here, Plaintiff provides no

indication that any of the Defendant Individuals threatened to arrest him based on any

discriminatory animus.  Without specific facts, Plaintiff therefore fails to plead a plausible civil

conspiracy claim under § 1985(3).  The Court will accordingly **DISMISS** Plaintiff's § 1985(3)

claim **without prejudice**.

---

[5] Plaintiff's failure to adequately allege a *Monell* claim dooms his suit against the Defendant
Individuals in their official capacities because a claim against a municipal officer in his official
capacity is subject to the same standards as *Monell*.  *See Monell*, 436 U.S. at 694; *see also Kentucky*
*v. Graham*, 473 U.S. 159, 165–66 (1985) ("[A]n official capacity suit is, in all respects other than
name, to be treated as a suit against the entity.").

      7.     *Plaintiff does not plead a plausible claim under the Treaty of Peace and Friendship*

To the extent that Plaintiff bases his claims as violations of the "Treaty of Peace and Friendship," "[f]ederal courts have consistently concluded that such claims have no basis in fact or law." *Sabirin-El v. Soc. for Indus. Applied Mathematics*, No. 14-3961, 2014 WL 3346467, at *2 (E.D. Pa. July 8, 2014) (collecting cases); *see Carcia v. Bucks Cnty. Justice Ctr.*, No. 17-3381, 2017 WL 4126349, at *3 (E.D. Pa. Sept. 18, 2017) (dismissing Treaty of Peace and Friendship claim because it "does not provide a basis for a civil cause of action").  The Court will therefore **DISMISS** those claims ***with prejudice*** because amendment would be futile.  *Id.*

      8.     *Conclusion*

Because the only claim that may proceed at this stage is Plaintiff's § 1983 claim for First Amendment retaliation, the Court will **DISMISS** from this action Sergeant Morin and the Hudson County Sheriff's Office ***without prejudice***.  This action may **PROCEED** against Officers Conklin and Micucci only in their individual capacities.

## IV.    CONCLUSION

For the reasons explained above,

**IT IS**, on this 1st day of April, 2026,

**ORDERED** that Plaintiff's IFP Application, D.E. 1-3, is **GRANTED**; and it is further

**ORDERED** that Plaintiff's § 1983 claim for First Amendment retaliation against Officers Conklin and Micucci in their individual capacities **PROCEEDS**; and it is further

**ORDERED** that Plaintiff's § 1983 claims brought for violations of the First Amendment against (1) the Defendant Individuals in their official capacities; (2) Sergeant Morin in his individual capacity; and (3) the Hudson County Sheriff's Office are **DISMISSED** ***without prejudice***; and it is further

**ORDERED** that Plaintiff's § 1983 claims brought for violations of the Fourth Amendment against (1) the Defendant Individuals in their official capacities; (2) Sergeant Morin in his individual capacity; and (3) the Hudson County Sheriff's Office are **DISMISSED** *without prejudice*; and it is further

**ORDERED** that Plaintiff's § 1983 claims brought for violations of the Fourteenth Amendment against (1) the Defendant Individuals in their official capacities; (2) Sergeant Morin in his individual capacity; and (3) the Hudson County Sheriff's Office are **DISMISSED** *without prejudice*; and it is further

**ORDERED** that Plaintiff's § 1983 claim brought for violations of the Ninth Amendment is **DISMISSED** *with prejudice*; and it is further

**ORDERED** that Plaintiff's § 1985(3) claim for civil conspiracy is **DISMISSED** *without prejudice*; and it is further

**ORDERED** that to the extent Plaintiff brings any claims pursuant to the Treaty of Peace and Friendship, those claims are **DISMISSED** *with prejudice*; and it is further

**ORDERED** that the Clerk of Court shall prepare summonses and deliver them, together with copies of the Complaint and this Memorandum Order, to the United States Marshals Service for service only on Officers Conklin and Micucci, but not for Sergeant Morin or the Hudson County Sheriff's Office; and it is finally

**ORDERED** that the Clerk of Court shall mail a copy of this Memorandum Order to Plaintiff via first class mail.

_/s/ Evelyn Padin_____
Evelyn Padin, U.S.D.J.

14